# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JERRY BETANCOURT, | § § § | |
| *Plaintiff*, | § § | |
| *v.* | § § | Civil Action No. SA-17-CV-1176-XR |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | § § § § | |
| *Defendant*. | § § | |

## ORDER

On this date, the Court considered the status of the above captioned-case. After careful consideration, the Court DENIES Defendant's Motion to Strike (Docket no. 21) and GRANTS Defendant's Motion for Summary Judgment and Judgment on the Pleadings (Docket no. 17).

## BACKGROUND

On November 17, 2017, Defendant Deutsche Bank National Trust Company removed this action from the 150th Judicial District Court of Bexar County, Texas pursuant to 28 U.S.C § 1332. Docket no. 1. Plaintiff Jerry Betancourt filed this action to prevent the foreclosure of his property located at 2043 West Mulberry, San Antonio, Texas (the "Property"). Docket no. 1-4. Plaintiff filed an Amended Complaint on March 1, 2018. Docket no. 10.

Plaintiff and his wife purchased the Property in February 1987. On September 17, 1998, Plaintiff executed a $70,200 Texas Home Equity Note (the "Note") in favor of lender United Companies Lending Corporation and its assigns. Docket no. 17-1. Plaintiff states that this Note resulted from refinancing an earlier debt. Docket no. 10 at 2–3. On the same date, Plaintiff

1

executed a Texas Home Equity Security Instrument ("Deed of Trust") that was recorded and established a first lien on the Property. Docket no. 17-2.

Plaintiff executed a Loan Modification Agreement that became effective on April 23, 2007, relating to the Note. Docket no. 17-3. Defendant, successor-in-interest of the Note and Deed of Trust, alleges that Plaintiff breached this agreement due to non-payment. Defendant then filed a lawsuit seeking foreclosure on the Property in state court. The parties were ordered to mediation and entered into a mediation agreement, which required Plaintiff to provide Defendant with certain documents. Under the mediation agreement, the parties agreed to the following:

a. On or before March 9, 2016, [Plaintiff] will provide [Defendant] with all documents necessary to comply with [Defendant's] loan modification requirements pursuant [to Defendant's] letter to [Plaintiff] dated February 8, 2016. If [Plaintiff] fails to provide [Defendant] with all documents necessary for the consideration of the loan modification on or before March 9, 2016, [Defendant] may set its Rule 736 hearing with proper notice.

b. On or before March 9, 2016, [Defendant] will provide to [Plaintiff's] counsel the amount necessary for loan reinstatement.

c. If [Plaintiff] is not approved for a loan modification for the subject Property, [Plaintiff] will have five (5) days from receipt of the denial of the modification to seek other loss mitigation options.

d. After the expiration of the five (5) days as set forth in subpara. c herein, [Defendant] may, at its discretion, set its Rule 736 hearing upon proper notice.

Docket no. 17-4.

Plaintiff asserts that, under the agreement, Defendant was required to provide him a yes or no decision on a loan modification prior to setting any foreclosure hearing. Plaintiff alleges he received no decision from Defendant, which violated the agreement. Defendant, on the other hand, asserts Plaintiff failed to comply with the agreement by not providing all required documents, and that Plaintiff did not qualify for or receive any offers for another loan modification agreement.

On March 8, 2017, an order was entered in state court allowing Defendant to foreclose on the Property, and a foreclosure sale was scheduled for November 7, 2017. Plaintiff filed this case to prevent the foreclosure, and he brings claims against Defendant for breach of contract, violation of the Texas Fair Debt Collection Practices Act ("TDCA"), and declaratory judgment. Docket no. 10 at 5–8. On May 25, 2018, Defendant filed its motion for summary judgment and judgment on the pleadings, arguing all of Plaintiff's claims fail. Plaintiff filed a response, and Defendant filed a reply. On June 26, 2018, Defendant filed a motion to strike portions of an affidavit Plaintiff attached to his response to the motion for summary judgment. Docket no. 21.

**ANALYSIS**

I.  **Defendant's Motion to Strike**

Defendant asks the Court to strike portions of Plaintiff's affidavit that he attached to his response to Defendant's motion for summary judgment. Defendant objects to Plaintiff's statements that he complied with the mediation agreement and that Defendant violated the agreement, specifically:

> As the Court can see from Exhibits 5, 6 & 8 attached to this response show that we complied with our part of the agreement.
>
> [T]his is a direct violation of the Mediated Settlement Agreement.
>
> Now, because the Defendants breach of our agreement, I will be required to pay $23,000 more to modify the loan.
>
> I was certainly damaged in regards to the fees and additional costs I have had to pay to attorney's [*sic*] and experts in order to avoid foreclosure.
>
> Docket no. 19-12.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Defendant

3

argues that these statements are conclusory, hearsay, and contradict the terms of the agreement. Although taken in isolation, these statements may appear to be conclusory or unsupported by evidence, when the Court reads the statements in the context of the entire affidavit, the Court does not find it appropriate to strike the individual statements. To the extent that Plaintiff makes mere conclusory allegations in his affidavit, the Court does not construe such statements to find that there is a fact issue when deciding Defendant's motion for summary judgment. Otherwise, Defendant's motion to strike is denied.

## II. Defendant's Motion for Summary Judgment and Judgment on the Pleadings

### A. Legal Standard

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the non-movant, or, in other words, that the evidence favoring the non-movant is insufficient to enable a reasonable jury to return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986).

In making this determination, the court should review all evidence in the record, giving credence to the evidence favoring the non-movant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (adopting the same standard after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Judgment on the pleadings is only appropriate when "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed

facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2009).

### B. Application

Defendant argues that Plaintiff's claims for breach of contract, a TDCA violation, and declaratory judgment fail as a matter of law and based on the pleadings.

#### 1. Plaintiff's Breach of Contract Claim

Plaintiff alleges that Defendant breached the parties' mediation agreement by failing to provide Plaintiff with a decision on loan modification and subsequently scheduling a foreclosure sale. Defendant argues Plaintiff offers no evidence that he complied with the mediation agreement or that Defendant breached the agreement.

Under Texas law, to state a claim for breach of contract, a plaintiff must allege (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

First, Plaintiff shows that there is a valid contract. The parties entered into the mediation agreement, which is identified as a Rule 11 Agreement. "Rule 11 agreements are contracts relating to litigation, subject, therefore, to general rules of contract construction." *Trudy's Texas Star, Inc. v. City of Austin*, 307 S.W.3d 894, 914 (Tex. App.—Austin 2010, no pet.).

Next, Defendant argues that Plaintiff did not perform because he breached the contract by not timely providing all required loan modification documents. Defendant sent the February 8, 2016, letter contemplated by the contract that sets out all documents Plaintiff was required to

6

send to Defendant by March 9, 2016. Docket no. 19-1. Plaintiff was required to timely submit various documents, including a Request for Mortgage Assistance form, IRS Form 4506T-EZ, copies of documents verifying income, and recent checking and savings statements. *Id.* The letter reminds Plaintiff that Defendant must "receive all of the required information listed below by 03-09-2016." *Id.* at 1.

On March 7, 2016, Plaintiff faxed Defendant the Request for Mortgage Assistance form, 4506T-EZ form, and an authorization to obtain a consumer credit report. Docket no. 19-5. On March 15, 2016, after the contract's March 9, 2016, deadline, Plaintiff's attorney emailed Plaintiff requesting additional required documents, including a profit and loss statement from the previous three months, additional proof of income documents, and an additional signature on the consumer credit report authorization form. Docket no. 19-6 at 1. On March 23, 2016, and October 21, 2016, Plaintiff submitted additional required documents to Defendant. Docket nos. 19-7, 19-8. On October 28, 2016, Defendant's mortgage servicer sent Plaintiff a letter that stated he had still failed to submit all required documents set out in the February 8, 2016, letter. Docket no. 19-9. The documents, all of which Plaintiff attached to his response brief, demonstrate that he did not fulfill his contractual obligation. Further, Plaintiff admits in his response that he did not send certain required documents until March 23, 2016, and October 21, 2016, well after the March 9, 2016, deadline imposed by the contract.

The evidence shows that Plaintiff did not provide Defendant with all documents necessary to comply with Defendant's loan modification requirements. In construing a contract under Texas law, a court must ascertain and give effect to the parties' intentions as expressed in the contract. *Frost Nat'l Bank v. L & F Distributors, Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005). A court should consider "the entire writing and attempt to harmonize and give effect to all the

7

provisions of the contract by analyzing the provisions with reference to the whole agreement." *Id.* "If, after the pertinent rules of construction are applied, the contract can be given a definite or certain legal meaning, it is unambiguous and we construe it as a matter of law." *Id.* Here, the Court finds Plaintiff's contractual obligation to provide specific documents to be unambiguous. The parties do not dispute that Plaintiff was required to submit specific documents, or that the documents were to be submitted by March 9, 2016.

The evidence in this case shows that Plaintiff breached the mediation agreement by failing to timely submit the required documents. Plaintiff's statements in his affidavit, without further evidence, do not create a fact issue as to whether he complied with the contract. A party to a contract who breaches that contract cannot maintain an action for breach of contract. *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). Plaintiff admits that he submitted additional documents after the March 9, 2016, deadline. Under the agreement's terms, Plaintiff's failure allowed Defendant to move forward with a Rule 736 foreclosure hearing with proper notice. Although Plaintiff argues that his performance may be excused by Defendant impeding his performance, Plaintiff offers no evidence that indicates Defendant impeded Plaintiff from timely submitting the required documents. There is no genuine dispute of material fact that Plaintiff did not perform his obligation under the mediation agreement. Thus, Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

### 2. Plaintiff's TDCA Violation Claim

Plaintiff alleges that Defendant violated the TDCA by using threats, coercion, or attempted coercion, as well as by making fraudulent, deceptive, or misleading representations. Defendant argues that Plaintiff offers no evidence to establish any such violations.

Plaintiff first asserts that Defendant violated Texas Finance Code § 392.301(a)(3). Under this provision, "a debt collector may not use threats, coercion, or attempts to coerce" that represent or threaten to represent "to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute." TEX. FIN. CODE § 392.301(a)(3). Plaintiff, however, alleges no specific threat, coercion, or attempt to coerce carried out by Defendant, nor does Plaintiff provide any evidence of such acts. Instead, Plaintiff only points to the evidence he relies on for his breach of contract claim. However, none of these documents, including the mediation agreement and the correspondence Defendant sent requesting all required modification documents, show any evidence of a violation of § 392.301(a)(3). Plaintiff has failed to show any genuine dispute of material fact as to whether Defendant used threats, coercion, or attempts to coerce Plaintiff. Thus, Defendant is entitled to summary judgment on this TDCA claim.

Plaintiff also asserts that Defendant violated § 392.304(a)(8). A debt collector "may not use a fraudulent, deceptive, or misleading representation" that misrepresents "the character, extent, or amount of a consumer debt, or misrepresent[s] the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8). Again, Plaintiff presents no evidence of any specific misrepresentation, and again, only relies generally on the evidence from his breach of contract claim. "For a statement to constitute a misrepresentation under the TDCA, [a defendant] 'must have made a false or misleading assertion.'" *Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 667 (N.D. Tex. 2010) (quoting *Reynolds v. Sw. Bell Tel., L.P.*, 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth June 29, 2006, pet. denied)). Here, Plaintiff provides no evidence of any false or misleading assertion made by Defendant. Further,

to the extent that Plaintiff's claim is based on Defendant's threat to foreclose on the Property, "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on [his] mortgage." *Wildy v. Wells Fargo Bank, NA*, No. 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012). Here, it is undisputed that Plaintiff defaulted on his loan. Defendant's attempt to foreclose on the Property was not unlawful. Plaintiff has failed to show any genuine dispute of material fact as to whether Defendant made any unlawful misrepresentation as a debt collector. Thus, Defendant is entitled to summary judgment on this TDCA claim as well.

### 3. Plaintiff's Request for Declaratory Judgment

Plaintiff asks the Court to declare that Defendant did not comply with the mediation agreement and order Defendant to comply with the agreement prior to posting for and foreclosing on the Property. Defendant argues Plaintiff is not entitled to declaratory judgment.

The Declaratory Judgment Act is a procedural device that creates no substantive rights, and it requires the existence of a justiciable controversy. *Phillips v. Beauly, LLC*, No. 4:16-CV-02272, 2017 WL 3387187, at *2 (S.D. Tex. Aug. 7, 2017) (citing *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173 (5th Cir. 1984)). There must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). If there is no viable, underlying claim for a court to adjudicate, then a party is not entitled to declaratory relief. *See Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 421 F. App'x 398, 400–01 (5th Cir. 2011). As discussed above, Plaintiff has no viable, underlying claim for either breach of contract or violation of the TDCA. Thus, Plaintiff is not entitled to declaratory judgment.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Strike (Docket no. 21) and GRANTS Defendant's Motion for Summary Judgment and Judgment on the Pleadings (Docket no. 17). Plaintiff's claims are hereby DISMISSED WITH PREJUDICE. The Clerk is directed to issue a Judgment in favor of Defendant and that Plaintiff takes nothing on his claims.

It is so ORDERED.

SIGNED this 14th day of August, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE